46 F.3d 1151
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Carlton MITCHELL, Plaintiff-Appellant,
v.
Gary McCOOL, Individually, and the Sheriff of Atoka County,
Oklahoma, Defendants-Appellees.
 No. 94-7065.
 United States Court of Appeals, Tenth Circuit.
 Jan. 12, 1995.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.
 
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.2. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument.
 
 
 2
 On December 27, 1992, Sheriff Gary McCool arrested Mr. Carlton Mitchell and confined him in the county jail of Atoka County, Oklahoma. In so doing, Sheriff McCool enforced a court order issued on December 26 by Judge Scroggins, an Associate District Judge for Akota County. Mr. Mitchell, alleging an illegal arrest that deprived him of his constitutional rights, subsequently brought this action against Sheriff McCool under 42 U.S.C.1983. Mr. Mitchell also asserted state law causes of actions for false arrest, false imprisonment, assault and battery, and invasion of privacy.
 
 
 3
 The district court, citing Valdez v. City and County of Denver, 878 F.2d 1286 (10th Cir.1989), and Turney v. O'Toole, 898 F.2d 1470 (10th Cir.1990), held that Mr. Mitchell's 1983 claim against Sheriff McCool was barred by absolute "quasi-judicial" immunity because Sheriff McCool arrested Mr. Mitchell pursuant to a facially valid court order. The district court consequently granted Sheriff McCool's motion for summary judgment on the 1983 claim and, in the absence of a valid federal claim, exercised its discretion to dismiss Mr. Mitchell's pendent state law claims. Mr. Mitchell now appeals the grant of summary judgment.
 
 
 4
 Mr. Mitchell contends that the oral court order issued by Judge Scroggins failed to conform to Oklahoma law (which requires a written court order) and therefore that the resulting arrest was itself illegal. Mr. Mitchell may be correct as a matter of state law, but the procedural defects of Judge Scroggins's order do not suffice to strip a judge of absolute immunity under 1983. See Stump v. Sparkman, 435 U.S. 349, 355-57, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."). The derivative immunity of Sheriff McCool is similarly resistant to accusations of underlying impropriety. Turney, 898 F.2d at 1473-74 (derivative pseudo-judicial immunity protects those who enforce facially valid but legally erroneous court orders). Mr. Mitchell admits that the court order at issue here was facially valid and that Sheriff McCool acted pursuant to that order. As the district court rightly held, the principle of pseudo-judicial absolute immunity therefore bars the damage claims against Sheriff McCool. Valdez, 878 F.2d at 1288-90.
 
 
 5
 We AFFIRM the decision of the district court granting summary judgment to Sheriff McCool. In the absence of any argument to the contrary from Mr. Mitchell, we see no reason to disturb the district court's dismissal of the pendent state law claims, and AFFIRM that decision as well.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470